**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, CHRISTIAN SEWING, AND JAMES VON MOLTKE,<br><br>Defendants. | No.: 2:20-cv-08978-ES-MAH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SRIKALAHASTI VAGVALA TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: November 18, 2020** |

i

# TABLE OF CONTENTS

BACKGROUND ..........................................................................................................1

I.   MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF ................3

   A.   MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE ..........................................................................................4

   B.   MOVANT HAS THE LARGEST FINANCIAL INTEREST...............5

   C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ......................................6

   D.   MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS................................................................7

II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED...8

CONCLUSION...........................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................. 7

*In re Vicuron Pharm., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ........................................................................... 5, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................... *passim*

**Rules**

Rule 23 ............................................................................................................... 6, 7

Plaintiff Srikalahasti Vagvala (collectively, "Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B):

(a) appointing Movant as Lead Plaintiff for the Class consisting of all persons or entities who purchased or otherwise acquired publicly traded securities of Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Company") between November 7, 2017 and July 6, 2020, both dates inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") Lead Counsel.

## BACKGROUND

This action was commenced on July 15, 2020 against the Company and certain of its officers and directors, alleging violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued, advising class members of, *inter alia,* the allegations and claims in the complaint, the Class Period, and their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed

herewith ("Rosen Decl." or "Rosen Declaration").

Defendant Deutsche Bank was founded in 1870 and is headquartered in Frankfurt am Main, Germany. It provides investment, financial, and related products and services to private individuals, corporate entities, and institutional clients worldwide.

According to the complaint, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) Deutsche Bank had failed to remediate deficiencies related to anti-money laundering ("AML"), its disclosure controls and procedures and internal control over financial reporting, and its U.S. operations' troubled condition; (2) as a result, the Company failed to properly monitor customers that the Company itself deemed to be high risk, including, among others, Epstein and the correspondent banks Danske Estonia and FBME Bank, both of which were the subjects of prior scandals involving financial misconduct; (3) the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Company's financial results and reputation; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

On May 13, 2020, media outlets reported that the Federal Reserve had sharply criticized Deutsche Bank's U.S. operations in an internal audit. The audit

reportedly found that Deutsche Bank had failed to address multiple concerns identified years earlier, including concerns related to the Bank's AML and other control procedures.

On this news, the value of Deutsche Bank's ordinary shares fell $0.31 per share, or 4.49%, to close at $6.60 per share on May 13, 2020.

Then, on July 7, 2020, the Federal Reserve's criticism of Deutsche Bank's failure to address its AML and other issues was reaffirmed when the New York State Department of Financial Services ("DFS") fined the Bank $150 million for neglecting to flag numerous questionable transactions from accounts associated with Epstein and with two correspondent banks, Danske Estonia and FBME Bank, both of which were the subjects of prior scandals involving financial misconduct.

On this news, the value of Deutsche Bank's ordinary shares fell $0.13 per share, or 1.31%, to close at $9.82 per share on July 7, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Bank's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class

actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) (i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class and that, as a result, Movant should be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See*

Rosen Decl., Ex. 1. Additionally, as set forth in his certification, filed concurrently herewith, Movant has reviewed the complaint and is willing to serve as a representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant (i) purchased 3,964,475 shares of Deutsche Bank during the Class Period, (ii) expended $44,106,422.67 in net funds, and (iii) lost $746,846.03 in connection with his purchases of Deutsche Bank securities. *See* Rosen Decl., Ex. 3.

Movant is not aware of any other movants that have suffered greater losses in

Deutsche Bank securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about the Company's business and financial condition. Movant, as did all of the members of the class, purchased Deutsche Bank securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and their desire to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities

fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel.

Dated: September 14, 2020            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen LR-5733
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 14, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                      /s/ Laurence M. Rosen