POMERANTZ LLP
Gustavo F. Bruckner
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
gfbruckner@pomlaw.com

*Counsel for Movant Yun Wang and*
*Proposed Lead Counsel for the Class*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, CHRISTIAN SEWING, and JAMES VON MOLTKE,<br><br>Defendants. | Case No. 2:20-cv-08978-ES-MAH<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF YUN WANG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....... 1

STATEMENT OF FACTS ....... 3

ARGUMENT ....... 5

A. WANG SHOULD BE APPOINTED LEAD PLAINTIFF ....... 5

1. Wang is Willing to Serve as a Class Representative ....... 6

2. Wang Has the "Largest Financial Interest" ....... 7

3. Wang Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ....... 8

4. Wang Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ....... 11

B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ....... 12

CONCLUSION ....... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)....................10

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994)....................9

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)....................9, 10

*Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A,
1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997)....................9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................8, 10

*In re Lucent Techs. Sec. Litig.*,
194 F.R.D. 137 (D.N.J. 2000)....................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005)....................12

*In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW),
2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6, 2007)....................10

*Lax v. First Merch. Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................7

*Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL),
2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017)....................8

*Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH),
2019 U.S. Dist. LEXIS 23309 (D.N.J. Feb. 13, 2019)....................7

*Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB),
2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014)....................9

*Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA),
2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27, 2018)....................8

## Statutes

15 U.S.C. § 78u-4............................................................................................*passim*

15 U.S.C. §78j(b) ..............................................................................................1

15 U.S.C. § 78t(a) ..............................................................................................1

## Rules

Federal Rules of Civil Procedure Rule 23 .......................................................*passim*

Federal Rules of Civil Procedure Rule 42 ...........................................................9

Movant Yun Wang ("Wang") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Wang as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Bank") between November 7, 2017 and July 6, 2020, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaint in the Action (the "Complaint") (Dkt. No. 1) alleges a very significant fraud perpetrated on Deutsche Bank's investors during the Class Period. *See generally* Complaint. The ability of Deutsche Bank investors to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA. Wang is the best choice to serve as Lead Plaintiff. His chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

During the Class Period, Deutsche Bank and certain of its officers (collectively, "Defendants") allegedly defrauded investors, in violation of Sections

10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Deutsche Bank's business and operations. Deutsche Bank investors, including Wang, incurred significant losses resulting from the revelation of this fraud. *See id.*

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Wang: (i) purchased 37,050 shares of Deutsche Bank stock during the Class Period; (ii) expended $487,184 on his Class Period purchases of Deutsche Bank stock; (iii) retained 25,450 shares of Deutsche Bank stock at the end of the Class Period; and (iv) incurred losses of approximately $151,466 in connection with his Class Period purchases of Deutsche Bank securities. *See* Declaration of Gustavo F. Bruckner ("Bruckner Decl."), Ex. A. Accordingly, Wang believes that he has the largest financial interest in the relief sought in this action within the meaning of the PSLRA.

Beyond his considerable financial interest, Wang also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Wang has selected Pomerantz as Lead

Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on his very significant financial interest, and otherwise satisfying the adequacy and typicality requirements of Rule 23, Wang respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Lead Counsel.

## STATEMENT OF FACTS

As the Complaint alleges, Defendant Deutsche Bank was founded in 1870 and is headquartered in Frankfurt am Main, Germany. The Bank provides investment, financial, and related products and services to private individuals, corporate entities, and institutional clients worldwide.

Deutsche Bank has been the subject of scandal, investigation and regulatory enforcement for years because of anti-money laundering ("AML") compliance failures and deficiencies in its disclosure controls and procedures and internal control over financial reporting, causing it to have one of the lowest gradings offered by the U.S. Federal Reserve ("Federal Reserve").

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (i) Deutsche Bank had failed to remediate deficiencies related to AML, its disclosure controls and procedures and internal control over financial reporting, and its U.S. operations' troubled condition; (ii) as a result, the Bank failed to properly monitor customers that the Bank itself deemed to be high risk, including, among others, the convicted sex offender Jeffrey Epstein ("Epstein") and two correspondent banks, Danske Estonia and FBME Bank, which were both the subjects of prior scandals involving financial misconduct; (iii) the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Bank's financial results and reputation; and (iv) as a result, the Bank's public statements were materially false and misleading at all relevant times.

On May 13, 2020, media outlets reported that the Federal Reserve had sharply criticized Deutsche Bank's U.S. operations in an internal audit. The audit reportedly found that Deutsche Bank had failed to address multiple concerns identified years earlier, including concerns related to the Bank's AML and other control procedures.

On this news, the value of Deutsche Bank's ordinary shares fell $0.31 per share, or 4.49%, to close at $6.60 per share on May 13, 2020.

Then, on July 7, 2020, the Federal Reserve's criticism of Deutsche Bank's failure to address its AML and other issues was reaffirmed when the New York State Department of Financial Services ("DFS") fined the Bank $150 million for neglecting to flag numerous questionable transactions from accounts associated with Epstein and with two correspondent banks, Danske Estonia and FBME Bank, both of which were the subjects of prior scandals involving financial misconduct.

On this news, the value of Deutsche Bank's ordinary shares fell $0.13 per share, or 1.31%, to close at $9.82 per share on July 7, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Bank's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. WANG SHOULD BE APPOINTED LEAD PLAINTIFF

Wang should be appointed Lead Plaintiff because, to the best of his counsel's knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Wang satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1. Wang is Willing to Serve as a Class Representative**

On July 15, 2020, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Defendants and advised investors of Deutsche Bank securities that they had until September 14, 2020—*i.e.*, 60 days from the date of the Notice's

publication—to file a motion to be appointed as Lead Plaintiff. *See* Bruckner Decl., Ex. B.

Wang has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Bruckner Decl., Ex. C. Accordingly, Wang satisfies the first requirement to serve as Lead Plaintiff of the Class.

**2. Wang Has the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his counsel's knowledge, Wang has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered). The *Lax* factors have been adopted by courts nationwide, including this Judicial District. *See, e.g.*, *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J.

Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *4-*5 (D.N.J. July 27, 2018); *Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765, at *2-*3 (D.N.J. Sept. 20, 2017).

During the Class Period, Wang (1) purchased 37,050 shares of Deutsche Bank stock; (2) expended $487,184 on his purchases of Deutsche Bank stock; (3) retained 25,450 of his shares of Deutsche Bank stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $151,466 in connection with his Class Period purchases. *See* Bruckner Decl., Ex. A. Because Wang possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3. Wang Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In determining that Lead Plaintiff satisfies the requirements of Rule 23, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this stage of the litigation] and should be left for consideration of a motion for class certification." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 149 (D.N.J. 2000) (quoting *Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997)). *See also Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014) ("only a preliminary showing of both typicality and adequacy is necessary"). Moreover, "[t]he Rule 23 inquiry focuses [only] on the 'typicality' and 'adequacy' requirements at this stage of the litigation." *Id.*

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

Wang's claims are typical of those of the Class. Wang alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or

should have known were false or misleading statements of material facts concerning Deutsche Bank, or omitted to state material facts necessary to make the statements they did make not misleading. Wang, as did all members of the Class, purchased Deutsche Bank securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *19 (D.N.J. Sept. 6, 2007) (quoting *Cendant*, 264 F.3d at 265). *See also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Wang is an adequate representative for the Class. As set forth in greater detail below, Wang has retained counsel highly experienced in vigorously and efficiently

prosecuting securities class actions such as this action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Wang's interests and the interests of the Class. Wang has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Bruckner Decl., Ex. C), and Wang's significant financial interest in this litigation demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

### 4. Wang Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Wang as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Wang to fairly and adequately represent the Class has been discussed above. Wang is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Wang should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Wang has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Bruckner Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As Lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz secured a recovery of $80 million on behalf of

Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.

Wang's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Wang's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Wang respectfully requests that the Court issue an Order: (1) appointing Wang as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated: September 14, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Gustavo F. Bruckner*

Gustavo F. Bruckner
Jeremy A. Lieberman*
J. Alexander Hood II*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
gfbruckner@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

(*admitted *pro hac vice*)

*Counsel for Movant Yun Wang and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movant Yun Wang*