Mark C. Errico
Mark.Errico@squirepb.com
Jason F. King
Jason.King@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
382 Springfield Avenue
Summit, New Jersey 07901
Telephone: 973-848-5600
Facsimile: 973-848-5601

David G. Januszewski (Admitted *Pro Hac Vice*)
djanuszewski@cahill.com
Sheila C. Ramesh (Admitted *Pro Hac Vice*)
sramesh@cahill.com
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212-701-3000
Facsimile: 212-269-5420

Attorneys for Defendants
Deutsche Bank Aktiengesellschaft,
John Cryan, Christian Sewing, and
James Von Moltke

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 2:20-cv-08978 |
| Plaintiff, | : : | Hon. Esther Salas, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J. |
| v. | : : | |
| DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, CHRISTIAN SEWING, and JAMES VON MOLTKE, | : : : : : | **DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| Defendants. | : : | |

Defendants Deutsche Bank Aktiengesellschaft, John Cryan, Christian Sewing, and James Von Moltke (together, the "Defendants") respectfully submit the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel.  *See* ECF Nos. 17–18.

Defendants take no position on the Court's appointment of lead plaintiff or approval of lead plaintiff's selection of counsel.  That is a matter for the Court to decide under the Private Securities Litigation Reform Act ("PSLRA").

Defendants object, however, to the evidence preservation provisions in the proposed order of movant Yun Wang (ECF No. 18-1).[1]  In actions arising under the PSLRA "'[t]he preservation of evidence in the possession of the parties is statutorily automatic." *Lifestyle Investments, LLC* v. *Amicus Therapeutics, Inc.*, 2016 WL 3032684, at *8 (D. N.J. May 26, 2016) (citing *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust* v. *LaBranche & Co., Inc.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004)).  *See* 15 U.S.C. § 78u-4(b)(3)(C)(i):

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

As the parties are statutorily required to preserve evidence, the preservation provision proposed by Wang is not necessary.  Moreover, the proposed language differs from the PSLRA, and inappropriately seeks to impose duties beyond those imposed by the statute.

---

[1] The document preservation provision in Paragraph 8 of the Wang proposed order provides: "During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation."  (ECF No. 18-1 at ¶ 8).

When Wang's counsel recently proposed similar preservation provisions in another action involving some of the same defendants, the Court struck the provision as "unnecessary." *In re Deutsche Bank Aktiengesellschaft Securities Litigation*, 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) ("no party suggests that any other party misunderstands its document-preservation obligations or lacks notice as to which types of documents need be preserved"); *see also Lifestyle Investments*, 2016 WL 3032684, at *8 (denying motion for order requiring the preservation of evidence because the provision "would either unnecessarily duplicate the obligations created under the PSLRA or alter those obligations without justification").[2]

Defendants respectfully request that, if the Court appoints Yun Wang as lead plaintiff, the Court strike the evidence preservation provision from the proposed order.

Dated: September 28, 2020                    Respectfully submitted,

/s Mark C. Errico
Mark C. Errico
Jason F. King
382 Springfield Avenue
Summit, New Jersey 07901
Telephone: 973-848-5600
Facsimile: 973-848-5601
SQUIRE PATTON BOGGS (US) LLP
Mark.Errico@squirepb.com
Jason.King@squirepb.com

---

[2] *See also Joseph* v. *UTStarcom, Inc.*, 5:04-cv-04908-JW, at p.7 (N.D. Cal. March 14, 2005) (denying request for evidence preservation provision in consolidation order "absent evidence of non-compliance"); *Pirelli*, 229 F.R.D. 395 (denying request for evidence preservation provision in proposed order consolidating cases and appointing lead counsel); *Schnall* v. *Annuity and Life Re (Holdings), Ltd.*, 2004 WL 51117, at *2 (D. Conn. Jan. 2, 2004) (denying preservation order because defendants "have actual notice of the allegations against them" and preservation is "statutorily automatic"); *In re Tyco International, Ltd. Securities Litigation*, 2000 WL 33654141, at *2 (D. N.H. July 27, 2000) (declining preservation order because "[a]bsent a showing that defendants are not acting in accordance with their statutory duty" the PSLRA preservation provision is sufficient); *In re Grand Casinos, Inc. Securities Litigation*, 988 F. Supp. 1270, 1273 (D. Minn. 1997) (declining to grant preservation provision because preservation is statutorily automatic).

David G. Januszewski (admitted pro hac vice)
Sheila C. Ramesh (admitted pro hac vice)
32 Old Slip
New York, New York 10005
(212) 701-3000
C&#x1D00;HILL G&#x1D0F;RDON & R&#x1D07;INDEL LLP
djanuszewski@cahill.com
sramesh@cahill.com

*Attorneys for Defendant Deutsche Bank Aktiengesellschaft, John Cryan, Christian Sewing, and James Von Moltke*