

Squire Patton Boggs (US) LLP
382 Springfield Ave, Suite 300
Summit, New Jersey 07901

O   +1 973 848 5600
squirepattonboggs.com

Mark C. Errico
T   +1 973 848 5668
mark.errico@squirepb.com

April 15, 2021

**VIA ECF**
The Honorable Esther Salas
United States District Court Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
Court Room MLK 5A
50 Walnut Street
Newark, New Jersey 07101

> Re:   *Ali Karimi* v. *Deutsche Bank Aktiengesellschaft, et al.*,
>       Case No. 2:20-cv-08978-ES-MAH

Dear Judge Salas:

We represent Deutsche Bank Aktiengesellschaft ("Deutsche Bank") and John Cryan, Christian Sewing, Marcus Schenck, and James Von Moltke (together, the "Individual Defendants" and with Deutsche Bank, "Defendants") in the above-captioned matter (the "Action"). Pursuant to Section II(E)(i) of Your Honor's General Pretrial and Trial Procedures, we write to respectfully request leave to move for a transfer of this Action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). While Plaintiffs oppose this motion, we respectfully submit that transfer is required by the Third Circuit's recent decision in *In re 3M Co.*, 2020 U.S. App. LEXIS 36961 (3d Cir. Nov. 18, 2020) (Non-Precedential). A short summary of the main factual background and legal analysis in support of this request is briefly set forth below.

## I.    Factual and Procedural Background

Plaintiff Ali Karimi ("Named Plaintiff") commenced this Action on July 15, 2020, alleging violations of the federal securities laws on behalf of a class consisting of all persons or entities who acquired Deutsche Bank securities between November 7, 2017 and July 6, 2020 (the "Class"). This Action is governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA"), including provisions directing the appointment of a Lead Plaintiff and staying discovery. On December 28, 2020, Judge Kevin McNulty granted Yun Wang's uncontested motion seeking his appointment as Lead Plaintiff ("Lead Plaintiff") and his attorneys, Pomerantz LLP, as Lead Counsel in the above-referenced Action (Dkt. No. 31).

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

On January 4, 2021, Judge McNulty entered an Order (Dkt. No. 32) providing, in relevant part, that: (1) Lead Plaintiff's Second Amended Complaint shall be filed March 1, 2021; and (2) Defendants' deadline to answer, plead, move, or otherwise respond to the Second Amended Complaint shall be filed on April 15, 2021.

The Second Amended Complaint ("SAC") (Dkt. No. 37) alleges that Deutsche Bank "made materially false and misleading statements regarding its Know Your Customer ('KYC') processes, a critical part of the Bank's [Anti Money Laundering] procedures." SAC ¶ 4.  The allegedly false statements were contained in Deutsche Bank's Annual Reports, SEC Form 20-Fs, non-financial report supplements, and Annual Financial Statements and Management Reports published on the Bank's official website.  SAC ¶¶ 136, 145, 147, 149, 150, 162, 164, 166, 175.

## II.   <u>Legal Argument</u>

Defendants respectfully request leave to move to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Defendants respectfully submit that the Third Circuit's recent decision granting a writ of mandamus in *In re 3M Co.* supports transfer here.  *In re 3M Co.* involved federal securities claims brought by plaintiffs, none of whom were local to New Jersey, on behalf of a worldwide class of investors in a Minnesota company.  *Id.* at *5-*6.  In granting mandamus relief vacating the District Court's denial of 3M's § 1404(a) motion to transfer, the Third Circuit explained that New Jersey did not have a substantial local interest in redressing harm suffered by worldwide investors in 3M, particularly where only one of thirty-one alleged misstatements arose in New Jersey.  *Id.*  Nor did the transfer motion require strong deference to plaintiffs' choice of New Jersey as a forum given that none of the plaintiffs were local to New Jersey.  *Id.* at *5.  Instead, transfer to Minnesota, where the bulk of the underlying conduct occurred and where witnesses and evidence were most likely to be found, best served the convenience of the parties and witnesses as well as the interests of justice.  *Id.* at *6-*7.

The facts of this action are markedly similar to those at issue in *In re 3M Co.*, and Plaintiffs' attempt to forum shop by filing in this District should be rejected.

This is the third securities class action complaint premised on the same theory of liability filed by the same plaintiffs' law firm against Deutsche Bank and current and former individual executives.  Plaintiffs' counsel filed the two prior cases in the Southern District of New York, where they were both dismissed.  In light of the absence of any substantive allegation connecting Plaintiffs' claims to the District of New Jersey, Deutsche Bank believes that Plaintiffs have only filed this case in this Court in an attempt to avoid the legal precedent in the Southern District of New York, which dooms their claims.

Under 28 U.S.C. § 1404(a), a court "may transfer any civil action to any other district where it might have been brought" if transfer serves the "the convenience of the parties and witnesses" and "the interest of justice."  To determine whether transfer is appropriate, courts in the Third Circuit consider the balance of various "private" and "public" factors.  *Jumara* v. *State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Private factors include: (1) the plaintiff's original

forum choice; (2) the defendant's forum preference; (3) where the claim arose; (4) convenience of the parties; (5) availability of witnesses; and (6) the location of books and records. *Lifecell Corp.* v. *Lifenet Health*, 2016 WL 3545752, *2 (D. N.J. June 28, 2016) (Cecchi, J.) (citing *Jumara*, 55 F.3d at 879). Public interest factors include: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each forum; and (6) familiarity with state law in diversity cases. *Santomenno* v. *Transamerica Life Insurance Co.*, 2012 WL 1113615, at *2 (D. N.J. Mar. 30, 2012) (Salas, J.).

Here, transfer to the United States District Court for the Southern District of New York is appropriate because: (1) the Action could have originally been brought in the Southern District of New York, and (2) Plaintiffs have failed to allege any relevant nexus between their claims and New Jersey. First, the Securities Exchange Act, under which Plaintiffs bring their claims, provides for venue in any other "district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). Here, Plaintiffs' own allegations establish both that Deutsche Bank "transacts business" in the Southern District of New York and that "a majority of the events giving rise to this action occurred in New York." *Frato* v. *Swing Staging, Inc.*, 2011 WL 3625064, at *3 (D. N.J. Aug. 17, 2011) (Salas, J.); *see* SAC ¶¶ 12, 94-95.

Second, a review of both the public and private interests compels transfer here. Neither the Lead Plaintiff nor Named Plaintiff purports to reside in New Jersey or to have purchased his securities in New Jersey. The SAC does not allege that any of the relevant individuals or documents can be found in New Jersey. Nor does the SAC allege that relevant conduct took place in or was directed to New Jersey.

Indeed, the only connection between this matter and New Jersey is that it was filed here. But Plaintiffs' choice of forum is entitled to "little deference" where, as here, the "operative facts of [the] action bear little connection to the [selected forum]" (*Frato*, 2011 WL 3625064, at *4), "plaintiff brings its charges in a venue that is not its home forum," (*In re 3M Co.*, 2020 U.S. App. LEXIS 36961, at *4), and the plaintiff seeks to represent a disparate class of securities investors spread across the country (*see Gallagher* v. *Ocular Therapeutix, Inc.*, 2017 WL 4882487, at *4 (D. N.J. Oct. 27, 2017) (Wettre, J.)). Moreover, Plaintiffs' allegations rely upon conduct that primarily occurred in New York and therefore New York courts have a strong interest in adjudicating this dispute and relevant witnesses and evidence are likely to be found in New York. *See e.g.*, SAC ¶ 41.

Defendants look forward to discussing these arguments in greater detail in their motion.

Respectfully submitted,

s/ Mark C. Errico
Mark C. Errico

cc:     All Counsel of Record (via ECF)