# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>                v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, AND CHRISTIAN SEWING,<br><br>                                     Defendants. | **Case No. 1:22-cv-02854-JSR** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of September 23, 2022 (the "Stipulation") is entered into between (a) Lead Plaintiff Yun Wang ("Lead Plaintiff") and Named Plaintiff Ali Karimi ("Named Plaintiff" and, together with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the Settlement Class;[1] and (b) defendant Deutsche Bank Aktiengesellschaft ("Deutsche Bank"), and defendants John Cryan ("Cryan") and Christian Sewing ("Sewing" and, together with Cryan, the "Individual Defendants," and together with Deutsche Bank, "Defendants"), and embodies the terms and conditions of the settlement of this Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants as set forth below.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.  The singular forms of nouns and pronouns include the plural and vice versa.

WHEREAS:

A.      On July 15, 2020, Named Plaintiff commenced this Action in the United States District Court for the District of New Jersey, styled *Ali Karimi v. Deutsche Bank Aktiengesellschaft, et al.*, Case No. 2:20-cv-08978.  The original Complaint (Dkt. No. 1) named Deutsche Bank, Cryan, Sewing, and James von Moltke as defendants.

B.      On September 30, 2020, Named Plaintiff filed an Amended Complaint.  Dkt. No. 22.

C.      By Order dated December 28, 2020, Yun Wang was appointed Lead Plaintiff in the Action and Pomerantz LLP ("Pomerantz") was appointed Lead Counsel for the putative class. Dkt. No. 31.

D.      On March 1, 2021, Plaintiffs filed a Second Amended Complaint that, among other things, added Marcus Schenk as a defendant.  Dkt. No. 37.  The Second Amended Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants, Mr. von Moltke, and Mr. Schenk under Section 20(a) of the Exchange Act.  The Second Amended Complaint alleged, among other things, that during the Settlement Class Period, Defendants made false and misleading statements concerning Deutsche Bank's know-your-customer ("KYC") policies and procedures.  The Second Amended Complaint alleged that Deutsche Bank's stock price was artificially inflated as a result of these alleged false and misleading statements, and that Deutsche Bank's stock price declined when the truth regarding the alleged misrepresentations was revealed.

E.      On April 23, 2021, Defendants filed a motion to transfer the Action to the Southern District of New York or, in the alternative, to dismiss the Second Amended Complaint.  Dkt. No.

52.    Among other things, Defendants argued that the Second Amended Complaint failed to adequately plead any actionable misstatement or omission, and failed to adequately allege scienter. On June 1, 2021, Plaintiffs filed a brief opposing Defendants' motion to transfer or dismiss.  Dkt. No. 58.  On July 1, 2021, Defendants filed their reply brief in further support of their motion to transfer or dismiss.  Dkt. No. 62.

F.    On March 31, 2022, the court in the District of New Jersey issued an order granting Defendants' request to transfer the Action and, on April 7, 2022, this Action was transferred to the United States District Court for the Southern District of New York.  Dkt. Nos. 63-65.

G.    On May 18, 2022, the Court granted in part and denied in part the dismissal portion of Defendants' motion, dismissing the claims against James von Moltke and Marcus Schenk.  Dkt. No. 81.  *See also* Dkt. No. 86 (June 13, 2022 opinion setting forth the reasoning for the May 18, 2022 order).

H.    On May 26, 2022, the Court entered a Civil Case Management Plan that set forth deadlines for, among other things, Plaintiffs' class certification motion and completion of all discovery.  Dkt. No. 85.

I.    On June 30, 2022, Plaintiffs filed a Third Amended Complaint (the "Complaint"), asserting the same claims set forth in the Second Amended Complaint and adding certain additional factual allegations.  Dkt. No. 89.

J.    On July 18, 2022, Plaintiffs filed a Motion for Class Certification.  Dkt. Nos. 91-93.  Defendants filed their opposition to the Motion for Class Certification on August 22, 2022.  Dkt. Nos. 96-97.

K.    From June 2022 into September 2022, counsel for Plaintiffs and Defendants engaged in extensive fact discovery, including the exchange of document requests and

interrogatories.  Including class certification expert materials, Defendants produced more than 75,000 documents to Plaintiffs, comprising a total of over 412,000 pages.  Plaintiffs also produced more than 50 documents, totaling over 11,000 pages, to Defendants.  In connection with Plaintiffs' Motion for Class Certification, Defendants took the depositions of Named Plaintiff, Lead Plaintiff, and Plaintiffs' class certification expert in August 2022.

L.      On September 6-7, 2022, the Parties participated in a private mediation with former United States District Judge Layn R. Phillips.  In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages.  The Parties participated in a two day, in-person mediation session at the offices of Defendants' counsel in New York City.  During the mediation, the Parties reached an agreement in principle to settle the Action for a payment of $26,250,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers.

M.      On September 8, 2022, Plaintiffs and Defendants informed the Court that they had reached an agreement in principle to settle the case.  The Court agreed to adjourn remaining class certification briefing and oral argument and ordered that preliminary settlement approval papers be filed with the Court no later than September 23, 2022.

N.      This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding settlement agreement between the Parties.

O.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their

best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter, and with the advice of their counsel, Named Plaintiff and Lead Plaintiff have agreed to settle and release the claims raised in the Action against the Defendants pursuant to the terms and provisions of this Stipulation, after considering:  (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial against Defendants; and (c) the desirability of permitting the settlement to be consummated as provided by the terms of this Stipulation.

P.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Named Plaintiff or Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the securities putative class action currently pending in the United States District Court for the Southern District of New York styled *Karimi, v. Deutsche Bank Aktiengesellschaft, et al.*, Case No. 1:22-cv-02854-JSR.

b.      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

c.      "Deutsche Bank" means Deutsche Bank Aktiengesellschaft.

d.      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

e.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

f.  "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

g.  "Claims Administrator" means AB Data Ltd., the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

h.  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i.  "Complaint" means the Third Amended Class Action Complaint For Violations Of The Federal Securities Laws filed by Plaintiffs on June 30, 2022. Dkt. No. 89.

j.  "Court" means the United States District Court for the Southern District of New York.

k.  "Defendants" means Deutsche Bank and the Individual Defendants.

l.  "Defendants' Counsel" means Cahill Gordon & Reindel LLP.

m.  "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

n.     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

o.     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

p.     "Escrow Agent" means The Huntington National Bank.

q.     "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

r.     "Individual Defendants" means John Cryan and Christian Sewing.

s.      "Judgment" means the final judgment to be entered by the Court approving the Settlement (a proposed draft of which is attached hereto as Exhibit B).

t.      "Lead Counsel" means Pomerantz LLP.

u.      "Lead Plaintiff" means Yun Wang.

v.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the reimbursement of lost wages, costs and expenses of Plaintiffs directly related to Plaintiffs' representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

w.      "Named Plaintiff" means Ali Karimi.

x.      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

y.      "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

z.      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

aa.     "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

bb.     "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

cc.     "Plaintiffs" means Lead Plaintiff Yun Wang and Named Plaintiff Ali Karimi.

dd.     "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

ee.     "Plaintiffs' Releasees" means (i) Plaintiffs, all members of the Settlement Class, Lead Counsel and all other counsel for Plaintiffs, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her immediate family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest. Plaintiffs' Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

ff.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

gg.     "Postcard" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Settlement Class Members.

hh.     "Preliminary Approval Order" means the order (a proposed draft of which is attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

ii.     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

jj.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

kk.     "Released Defendants' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

ll.     "Released Plaintiffs' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or any other of Defendants' Releasees that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint or in any of the prior complaints in this Action and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Deutsche Bank common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

mm.    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

nn.    "Releases" means the releases set forth in ¶¶ 5-8 of this Stipulation.

oo.    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

pp.    "Settlement Amount" means twenty-six million two hundred and fifty thousand dollars ($26,250,000) in cash.

qq.    "Settlement Class" means all persons and entities who purchased or otherwise acquired Deutsche Bank common stock during the Settlement Class Period (i) on any

stock exchanges located in the United States, (ii) on any alternative trading systems located in the United States, or (iii) pursuant to other domestic transactions, and who were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) current or former officers and directors of Deutsche Bank; (iii) members of the immediate family of current or former officers and directors of Deutsche Bank; (iv) all subsidiaries and affiliates of Deutsche Bank and the directors and officers of the respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

    rr.  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

    ss.  "Settlement Class Period" means the period between March 14, 2017, and September 18, 2020, inclusive.

    tt.  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

    uu.  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

    vv.  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses,

substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

ww.    "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

xx.    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs, any other Settlement Class Member, or any other Plaintiffs' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as representatives for the Settlement Class; and (c) appointment of Lead Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of

themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members are forever barred and enjoined from prosecuting any Released Plaintiffs' Claims against any of the Defendants' Releasees.

8.     Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

9.     Notwithstanding ¶¶ 5-8 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

10.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

## THE SETTLEMENT CONSIDERATION

11.    In consideration of the Settlement and the release of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days following the later of (1) entry by the Court of an order preliminarily approving this Settlement and (2) the Escrow Agent providing Defendants' Counsel with: (a) a tax identification number for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information, and a physical address for the Escrow Agent. The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement. The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made.

**USE OF SETTLEMENT FUND**

12.    Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-34 below, or as otherwise ordered by the Court.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of 26 CFR § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall be solely responsible for

filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in 26 CFR § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in 26 CFR § 1.468B-3(e).  Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in 26 CFR § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any

portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, which shall not exceed $500,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' lost wages, costs and expenses directly related to Plaintiffs' representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation Expenses is reduced or reversed, and such order reducing or reversing the award has become Final.   Lead Counsel shall make the appropriate refund or repayment in full (including interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account) no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final.   An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.   Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses.   The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Deutsche Bank's obligation to provide shareholder information as provided in ¶ 22 below, none of the Defendants nor any other Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to (a) post downloadable copies of the Notice and Claim Form online at www.deutschebanksecuritieslitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Deutsche Bank shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a shareholder list and securities position report for Deutsche Bank, in electronic form or other form as is reasonably available to Deutsche Bank or its

transfer agent, which information the Claims Administrator shall treat and maintain as confidential.

23.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

24.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

25.     Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any

kind against any of the Defendants or any of the other Defendants' Releasees with respect to the Released Plaintiffs' Claims.

26.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order (unless otherwise ordered by the Court): (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.   No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.    The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

29.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c. Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d. Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e. If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

30. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery

under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

31.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33.     No Claimant or Settlement Class Member shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendants' Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses

27

incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

34.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

       a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

       b.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

       c.     the time for Defendants to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 43 below) has expired or otherwise been waived;

        d.     the time for Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

        e.     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

37.    Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

        a.     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

        b.     Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date this Stipulation is fully executed.

        c.     The terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 17, 19, 44 and 65 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

        d.     Within five (5) business days after the cancellation and termination of the Settlement as set forth herein, the Settlement Fund (including accrued interest thereon and

any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination.  In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination, immediately upon those funds' deposit into the Escrow Account consistent with ¶ 19 above.

39.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

40.     In addition to the grounds set forth in ¶ 39 above, Deutsche Bank shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that Agreement as set forth in ¶ 43 below.

## OPT-OUTS & OPT-OUT THRESHOLD

41.     All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") shall have the right to exclude themselves, or opt out, from the Settlement Class.  Such Potential Settlement Class Members who wish to elect to opt out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by no later than 21 calendar days before the Settlement Hearing (the "Opt-out Deadline").  All Potential Settlement Class Members who validly opt out shall be excluded from any and all rights and obligations under the Settlement, but those who do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Proof of Claim, unless otherwise ordered by the Court.

42.     No later than seven (7) calendar days following the Opt-out Deadline, the Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests.

43.     Simultaneously herewith, Lead Counsel and Defendants' Counsel are executing a Supplemental Agreement setting forth certain conditions under which this Settlement may be terminated by Deutsche Bank if the number of shares by Potential Settlement Class Members who exclude themselves from the Settlement Class by timely submitting valid exclusion requests exceeds the Opt-out Threshold (as defined in the Supplemental Agreement).  The Supplemental

Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application or if the Court requires disclosure of the Supplemental Agreement or some or all of its contents.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court *in camera* for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-out Threshold. In the event that the Court requires the Supplemental Agreement or some or all of its contents to be publicly disclosed including in the Notice and/or filed with the Court, all terms of the Supplemental Agreement other than those relating to confidentiality shall remain in full force and effect, and any such requirement by the Court for disclosure of the Supplemental Agreement or some or all of its contents shall not constitute a basis for any Party to void the Settlement.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, except that the provisions of ¶¶ 17, 19, 38, 44, and 65 herein above shall survive termination.

## <u>NO ADMISSION OF WRONGDOING</u>

44.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the documents prepared to effectuate the Settlement (including but not limited to the "Term Sheet" the Parties entered into during their mediation), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

a.      shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission

by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

45.     All of the exhibits attached hereto, and the Supplemental Agreement are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.     As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Deutsche Bank shall timely serve the notices required by 28 U.S.C. § 1715 within ten (10) calendar days of the filing of this Stipulation with the Court.  Deutsche Bank shall be responsible for all costs and expenses related thereto.

47.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 38 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 38.

48.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, except in the event of the termination of this Settlement, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree not to assert in any forum that this Action

was brought by Plaintiffs or defended by Defendants in bad faith and without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

49.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Likewise, while retaining their right to assert their claims in the action were meritorious, Plaintiffs and Plaintiffs' Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

50.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

51.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in the preceding sentence, "legal holiday" bears the meaning assigned to it in Federal Rule of Civil Procedure 6(a)(6).

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation

and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

56.     This Stipulation may be executed in one or more counterparts and exchanged among the Parties by facsimile or email of the .pdf or .tif image of the signature.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

57.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

58.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

60.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

61.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

62.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

63.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

            If to Plaintiffs or Lead Counsel:          Pomerantz LLP
                                                        Attn: Jeremy A. Lieberman
                                                        600 Third Avenue, 20th Floor
                                                        New York, NY 10016
                                                        Telephone: (212) 661-1100
                                                        Email: jalieberman@pomlaw.com

            If to Defendants:                           Cahill Gordon & Reindel LLP
                                                        Attn: David Januszewski
                                                        32 Old Slip
                                                        New York, NY 10005
                                                        Telephone: (212) 701-3352
                                                        Email: djanuszewski@cahill.com

64.     Except as otherwise provided herein, each Party shall bear its own costs.

65.     Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

66.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

67.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 23, 2022.

**POMERANTZ LLP**

By:_____

Jeremy A. Lieberman
Emma Gilmore
Villi Shteyn
600 Third Avenue, 20th Floor
New York, NY 10016
P: (212) 661-1100
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

*Lead Counsel for Plaintiffs and for the Class*

**CAHILL  GORDON  &  REINDEL LLP**

By:_____

David G. Januszewski
Sheila C. Ramesh
Nicholas N. Matuschak
Ivan Torres
32 Old Slip
New York, New York 10005
P: (212) 701-3000
djanuszewski@cahill.com
sramesh@cahill.com
nmatuschak@cahill.com
itorres@cahill.com

*Counsel for Defendants*

39