**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, AND CHRISTIAN SEWING,<br><br>          Defendants. | **Case No. 1:22-cv-02854-JSR** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

Court-appointed Lead Plaintiff Yun Wang ("Wang" or "Lead Plaintiff") and Named Plaintiff Ali Karimi ("Karimi" or "Named Plaintiff" and, with Wang, "Plaintiffs"), and Court-appointed Lead Counsel Pomerantz LLP ("Pomerantz," or "Lead Counsel"), on behalf of all Plaintiffs' Counsel,[1] respectfully submit this memorandum in further support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 104, the "Final Approval Motion"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (ECF No, 106, the "Fee and Expense Application").[2]

This Reply is supported by the Supplemental Declaration of Jack Ewashko Regarding (A) Mailing of Postcard Notice and Notice Packet; and (B) Report on Requests for Exclusion Received to Date ("Suppl. Mailing Declaration"), attached as Exhibit A to the Declaration of Emma Gilmore in Further Support of the Final Approval Motion and the Fee and Expense Application ("Suppl. Gilmore Decl.") filed herewith.

The Court ordered a deadline of January 17, 2023, for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs. As of this filing, out of 129,644 Postcard Notices and 135,041 updated Postcard Notices, only one objection to any aspect of the Settlement or proposed awards has been received. As explained below, that objection

---

[1] Pomerantz was assisted in its representation of Plaintiffs and the Class by Bronstein, Gewirtz & Grossman, LLC ("BGG"). Pomerantz and BGG are referred to herein as "Plaintiffs' Counsel."

[2] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated September 23, 2022 ("Stipulation," ECF No 101-1), or in the declaration of Emma Gilmore, dated December 27, 2022, in support of the Final Approval Motion and the Fee and Expense Application (ECF No. 108).

is improper and baseless. In addition, only one purported Class Member with zero recognized losses has requested exclusion.

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs strongly supports entering the Proposed Final Judgment And Order Of Dismissal With Prejudice.[3] Suppl. Gilmore Decl. Ex. B.

## I.     INTRODUCTION

After two years of hard-fought litigation, including two days of mediation facilitated by a well-respected neutral, Lead Plaintiffs submitted a $26,250,000 all cash, non-reversionary settlement, representing a recovery of approximately *49.40%* of damages, for Court approval. The reaction of the Settlement Class confirms that the Settlement is an excellent result. After an extensive notice program, which included mailing the Postcard Notice to 129,644 potential Settlement Class Members or their nominees, followed by a mailing of an updated Postcard Notice reflecting the rescheduled date for the Settlement Hearing and Lead Counsel's intent to seek reimbursement of expenses of up to $1 million to 135,041 potential Settlement Class Members or their nominees, and publishing the Summary Notice in *Investor's Business Daily* and on the *PR Newswire* (which reflected the rescheduled hearing date and increased expense reimbursement request), not a single objection from a confirmed Settlement Class Member has been filed and only one request for exclusion has been received.[4]

---

[3] Further, Plaintiffs understand from Defendants that none of the regulators that received the notice sent on September 30, 2022, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 (*see* Dkt. No. 103) have expressed any objection to the proposed Settlement.

[4] *See* Suppl. Mailing Decl. at ¶¶4-5; ECF No. 106-1, ¶10 and Exs. E & F (confirming publication of Summary Notice).

Furthermore, though the Notice informed Settlement Class Members that Lead Counsel may seek up to $1 million in litigation expenses, Lead Counsel has requested only $689,613.60 (plus accrued interest).

The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and compensatory awards to Plaintiffs.

II.   **THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

A.     **The Court-Approved Notice Program Has Been Implemented**

Pursuant to the Court's October 20, 2022, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 102 (the "Preliminary Approval Order")), AB Data Ltd. ("AB Data") was authorized to act as the Claims Administrator in connection with the Settlement. *Id.* ¶7. In that capacity, AB Data, under the supervision of Lead Counsel, mailed the Postcard Notice to 129,644 potential Settlement Class Members and nominees, and mailed the updated Postcard Notice to 135,041 potential Settlement Class Members and nominees. Suppl. Mailing Decl. at ¶2. Moreover, the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on December 19, 2022. ECF No. 106-1, ¶10. The Notice, updated Notice, Summary Notice, Postcard Notice and updated Postcard Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees, reimbursement of Litigation Expenses, and compensatory awards to Plaintiffs. *See id.*, ¶¶8–10, 12 and Ex. A; Ex. B at ¶¶5, 66; Ex. C; Ex. D at ¶5 & n.2, ¶66 & n.6. The Notice, updated Notice, Summary Notice, Postcard Notice and updated Postcard Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement was January 10, 2023, and the last day for filing an

objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses and awards to Plaintiffs was January 17, 2023. *See* ECF No. 106-1, Ex. A; Ex. B at 3, ¶¶67, 73; Ex. C; Ex. D at 3, ¶¶67, 73.

On December 27, 2022, twenty-one (21) days before the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Final Approval Motion and Fee and Expense Application. The motions were supported by the declarations of Plaintiffs, Lead Counsel, BGG, and the Claims Administrator. These papers are available on the public docket and on the settlement website (www.deutschebanksecuritieslitigation.com). *See* ECF Nos. 104–08; Suppl. Mailing Decl. at ¶3.

The exclusion and objection deadlines have now passed. As set forth below, only one purported Settlement Class Member requested exclusion from the Settlement Class, and no confirmed Settlement Class Member has validly objected to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA awards to Plaintiffs. *See id.* at ¶¶4-5. The lack of a valid objection and the single request for exclusion weigh heavily in favor of the Court granting the requested relief.

### B.   The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Fee And Expense Application

Plaintiffs and Lead Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See, e.g.*, *Gruber v. Gilbertson*, 2022 WL 17828609, at *19 (S.D.N.Y. Dec. 21, 2022) (Rakoff, J.) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement")[5]; *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y.

---

[5] In all case citations, internal citations and quotations are omitted unless otherwise indicated.

2018) (Rakoff, J.) ("small number of objectors . . . strongly suggest that the settlement amount is fair, adequate, and reasonable"), *aff'd*, 784 F. App'x 10 (2d Cir. 2019); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

A favorable reaction by settlement class members is also evidence supporting approval of a plan of allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation").

Finally, a lack of objections from settlement class members to an application for fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *id.* at *10 (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable.").

Here, after completing a robust notice program that included mailing 129,644 Postcard Notices and 135,041 updated Postcard Notices, publishing the summary notice on widely-distributed, business-oriented newswires, and hosting a comprehensive settlement website

containing all notice and settlement-related materials, only one individual, Michael Norton ("Norton") has raised any objection to any portion of the Settlement, the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Mailing Decl. at ¶¶4-5. As an initial matter, Norton's objection does not document any purchases of Deutsche Bank shares during the Class Period (*i.e.*, purchases in reliance on any misrepresentations) and thus he has not demonstrated that he is a Settlement Class Member. *See id.* Indeed, Norton does not even affirmatively claim to be a Settlement Class member. *See id.* Ex. 2. Accordingly, his objection should be overruled for lack of standing. *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244 (2d Cir. 2007) ("Nonparties to a settlement generally do not have standing to object to a settlement of a class action"); *Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *11 n.1 (S.D.N.Y. Oct. 16, 2019) (overruling objection because objector did not provide trading information sufficient to demonstrate class membership); *Petrobras*, 317 F. Supp. 3d at 871 (overruling objection where objector "lacks standing to make this objection").

Norton's objection should also be overruled because it does not assert any colorable grounds for an objection, *e.g.*, to the terms of the settlement, amount of Lead Counsel's fee and expense request, or amount of requested Plaintiff awards, but instead proffers assertions that are difficult to comprehend and appear frivolous. *See* Suppl. Mailing Decl. at Ex. 2.  Indeed, Norton has a history of frivolous litigation. One court recently called out Norton for making allegations that are "fantastic and delusional." *See Norton v. Biden*, 2022 WL 4376923, at *2 (D. Me. Sept. 22, 2022) , report and recommendation adopted, 2022 WL 4585747 (D. Me. Sept. 29, 2022). That court further noted that Norton had filed a frivolous complaint two years earlier, and cautioned him that "filing further groundless and inappropriate pleadings could result in the Court imposing

filing restrictions" on him. *Id.* (citing *Norton v. Univ. of Maine-Orono Physics Dep't*, 2020 WL 1321535, at *2 (D. Me. Mar. 20, 2020), report and recommendation approved, 2020 WL 2564672 (D. Me. May 19, 2020).

In sum, that no confirmed Settlement Class Member objected to the Final Approval Motion and Fee and Expense Application is strong evidence that Plaintiffs' and Lead Counsel's motions should be approved. *See City of Pontiac Gen. Emps' Ret. Sys. v. Lockheed Martin Corp.*, 954 F. Supp. 2d 276, 279 & n.1 (S.D.N.Y. 2013) (approving settlement and awarding fees and expenses where lone purported objection was not from a confirmed class member).

In addition, the limited number of requests for exclusion from the settlement strongly supports granting the Final Approval Motion. Although the Claims Administrator has mailed 129,644 Postcard Notices and 135,041 updated Postcard Notices, which contained the link to the settlement website, where the Notice or updated Notice apprised potential Class Members of their right to opt out of the Settlement and the procedures for doing so, virtually all Class Members have elected to remain in the Class. To date, the Claims Administrator has received only four (4) exclusion requests. *See* Suppl. Mailing Decl. at ¶4. Of those requests, only one is from a Settlement Class Member, who has no recognized losses under the Plan of Allocation. *Id.* at ¶4 & Ex. 1. The remaining three requests come from investors that either declined to provide the transactional information or only provided documentation of purchases outside of the Class Period, and thus are not from Settlement Class Members. That only one confirmed Class Member opted out of the Settlement supports approval. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("few requests for exclusion from class members are evidence that a

settlement is fair and adequate").

No institutional investors—sophisticated investors with the resources to carefully evaluate the Settlement and object or opt out if they find it appropriate—have objected to the Settlement or requested to be excluded from the Settlement Class. This further supports approval of the Settlement. *See*, *e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement).

Given that Deutsche Bank had nearly 2.066 billion public shares outstanding during the Class Period, the extremely low number of exclusions and objections is a strong showing of support for the proposed Settlement and Plan of Allocation, and the application for attorneys' fees, litigation expenses, and plaintiff awards.

## III.   CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Proposed Final Judgment And Order Of Dismissal With Prejudice. Suppl. Gilmore Decl. Ex. B.

Dated: January 24, 2023                          Respectfully submitted,

                                                 */s/ Emma Gilmore*
                                                 Jeremy A. Lieberman
                                                 Emma Gilmore
                                                 Dolgora Dorzhieva
                                                 Villi Shteyn
                                                 **POMERANTZ LLP**
                                                 600 Third Avenue, Floor 20
                                                 New York, NY 10016
                                                 Phone: 212-661-1100
                                                 Fax: 917-463-1044
                                                 jalieberman@pomlaw.com
                                                 egilmore@pomlaw.com
                                                 ddorzhieva@pomlaw.com
                                                 vshteyn@pomlaw.com

*Lead Counsel for Lead Plaintiff Yun Wang and
Named Plaintiff Ali Karimi*

**BRONSTEIN, GEWIRTZ & GROSSMAN,
LLC**

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Plaintiffs and for the
Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By:     */s/ Emma Gilmore*_____
Emma Gilmore