**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALI KARIMI, Individually and On Behalf of All
Others Similarly Situated,

|                         |                              |
| ----------------------- | ---------------------------- |
| Plaintiffs,             |                              |
| v.                      | Case No. 1:22-cv-02854-JSR   |
| DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, AND CHRISTIAN SEWING, | |
| Defendants.             |                              |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Court-appointed Lead Plaintiff Yun Wang ("Wang" or "Lead Plaintiff") and Named Plaintiff Ali Karimi ("Karimi" or "Named Plaintiff" and, with Wang, "Plaintiffs"), individually and on behalf of all other members of the proposed Settlement Class,[1] respectfully submit  this memorandum of law in support of their Motion for Distribution of Class Action Settlement Funds ("Motion") in the above-captioned Action. If entered by the Court, the [Proposed] Order Granting Distribution of Class Action Settlement Funds ("Class Distribution Order") will, among other things: (i) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds ("Ewashko Distribution Decl.").

## I.   BACKGROUND

On October 20, 2022, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 102). On February 6, 2023, the Court entered the Final Judgment and Order of Dismissal with Prejudice, approving the plan of allocation and settlement of this Action (Dkt. No. 110) (the "Judgment").

The Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), has advised Lead Counsel that it completed all analyses and accounting procedures in connection with the Claim Forms submitted by those persons who responded to the Notice, and has determined which of those persons are, subject to Court approval, Authorized Claimants. Ewashko Distribution Decl.

---

[1] All capitalized terms that are not otherwise defined herein have the same meaning as set forth in the Stipulation and Agreement of Settlement dated September 23, 2022 (the "Stipulation") (ECF No. 101-1).

¶5. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Thus, the Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits E and F to the Ewashko Distribution Decl.

## II.   DETERMINATION OF AUTHORIZED CLAIMANTS

All Claims were to be submitted to the Claims Administrator, online or postmarked no later than February 7, 2023. The Claims Administrator has now finalized its determination of which Claims are authorized and which are ineligible. Ewashko Distribution Decl. ¶¶35-37.

The Claims Administrator continued processing all claims received up to April 20, 2023. Ewashko Distribution Decl. ¶4. As a result of an effective notice program, through April 20, 2023, A.B. Data received 33,950 Claim Forms. ¶5. After reviewing, analyzing, and processing all 33,950 Claim Forms, A.B. Data has finalized its determination of which claims are authorized and which are ineligible. ¶¶35-37.

### A.   Valid and Properly Documented Claims

A.B. Data analyzed the 33,950 Claim Forms received through April 20, 2023 and determined that 4,754 valid and properly documented claims were received. Ewashko Distribution Decl. ¶¶35-36. Of these 4,754 claims, 4,622 were timely (*i.e.*, received or postmarked no later than February 7, 2023) ("Timely Valid Claims") and 132 were received after the February 7, 2023 filing deadline but before the Claim's Administrator's imposed cut-off date of April 20, 2023 ("Late But Otherwise Eligible Claims"). *Id.* These valid claims represent Recognized Losses of $145,589,135.83 for Common Stock of Deutsche Bank Aktiengesellschaft ("Deutsche Bank") purchased during the period from March 14, 2017 through September 18, 2020, inclusive, including Recognized Losses of $138,116,610.62 for Timely Valid Claims and Recognized Losses of $7,472,525.21 for Late But Otherwise Eligible Claims. *Id.*

The Court should accept all 4,754 claims, including the 4,622 Timely Valid Claims and the 132 Late But Otherwise Eligible Claims. The Late But Otherwise Eligible Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant, and Plaintiffs believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the February 7, 2023 deadline but while claims were still being processed. *See In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (stating that the "determination of whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court," and allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Gilat Satellite Networks, Ltd.*, 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) (including late-filed claims as part of a settlement).

The Court should also enter an Order directing that no claims received after April 20, 2023, or any responses to deficiency and/or rejection notices received after April 20, 2023, be included in the distribution. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *In re Citigroup Inc. Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and . . . the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action").

## B.  Deficient and Ineligible Claims

To be eligible for a payment from the proceeds of the Settlement, Settlement Class Members must submit a Claim Form with adequate supporting documentation. *See* Preliminary

Approval Order ¶ 11. Likewise, Settlement Class Members must evidence transactions that result in a Recognized Loss under the Court approved Plan of Allocation. *See* Notice (Dkt. No. 101-3 at 13-16). If a paper or online Proof of Claim was determined to be deficient or ineligible, A.B. Data mailed a letter to the claimant describing the defect(s) or condition(s) of ineligibility with his, her, or its Proof of Claim and advising what, if anything, was necessary to cure the defect(s) in the Proof of Claim. A sample deficiency/ineligibility letter is attached as Exhibit A to the Ewashko Distribution Declaration. *Id*. at ¶ 18. To date, A.B. Data has mailed deficiency/ineligibility letters to claimants in connection with 2,860 paper or online Proofs of Claim. *Id*. In addition, for Electronic Claims, A.B. Data sent Status Emails and Status Spreadsheets to 211 E-Claim Filers, giving them the opportunity to cure the deficiencies, samples of which are attached as Exhibits B and C to the Ewashko Distribution Declaration. *Id*. at ¶¶ 20-23.

## 1. Disputed Claims

A.B. Data received ten requests for Court review from Claimants. *Id*. ¶26. Nine of those Claims have been cured or the request for Court review has been retracted. *Id*. One Claimant contested A.B. Data's determination to reject their Claim, as reflected in Exhibit D attached to the Ewashko Distribution Declaration. *Id*. ¶ 27. The Claim should be rejected because it does not calculate to a Net Recognized Loss under the Plan of Allocation. *Id*. ¶ 28.

## 2. Rejected Proofs of Claim

A.B. Data identified 29,196 claims that it recommends for complete rejection. *Id*. ¶37. The reasons for rejection are the following:

(a)    A total of 2,290 Proofs of Claim had no purchase(s)/acquisition(s) of Deutsche Bank Common Stock during the Class Period;

(b)    A total of 22,032 Proofs of Claim did not result in a Recognized Loss pursuant

4

to the Court-approved Plan of Allocation;

(c)     A total of 4,788 Proofs of Claim were duplicates or replaced;

(d)     A total of 8 Proofs of Claim were withdrawn by the filer; and

(e)     A total of 78 Proofs of Claim had uncured conditions of ineligibility.

*Id.* A list of these claims is attached as Exhibit G to the Ewashko Distribution Decl. *Id.* ¶ 38(c).

## III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Lead Counsel now seeks to distribute the Net Settlement Fund to the Settlement Class Members, in accordance with ¶¶21-34 of the Stipulation, whose 4,754 claims have been accepted. *See supra* at §II.A.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis, where distribution payments calculate to $10.00 or more. Ewashko Distribution Decl. ¶ 39(a); Notice (Dkt. No. 101-3 ¶ 61). Based on the substantial experience of Lead Counsel in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel proposes that all the distribution checks bear a notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 180 DAYS OF DISTRIBUTION." Ewashko Distribution Decl. ¶ 39(a).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months any funds remain in the Net Settlement

Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution. During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of Notice and Administration Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be redistributed to all Authorized Claimants in the initial distribution who cashed their distribution checks and would receive at least $10.00 from the second distribution. *Id.* ¶ 39(b).

**IV.     RELEASE OF CLAIMS**

To allow the full and final distribution of the Net Settlement Fund, the Court must bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, the Court should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re Top Tankers, Inc. Sec. Litig.*, Order Authorizing

Distribution of Net Settlement Fund at p.4, ECF No. 123, Case No. 1:06-cv-13761-CM (S.D.N.Y

Dec. 14, 2009); *In re Veeco Instruments Inc. Sec. Litig.*, Order Approving Distribution of Net

Settlement Fund at ¶8, ECF No. 171, Case No. 1:05-cv-10226-CM (S.D.N.Y. Sept. 8, 2009).

## V.    RECORDS RETENTION AND DESTRUCTION

The Court should order that: (i) in no less than one year after the initial distribution of the

Net Settlement Fund, the Claims Administrator may destroy the paper copies of the Claims and

all supporting documentation; and (ii) in no less than one year after all funds have been distributed,

the Claims Administrator may destroy the electronic copies of the Claims and all supporting

documentation.

## VI.    CONCLUSION

Based on the foregoing, the Court should approve and enter the [Proposed] Order Granting

Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: May 2, 2023                          Respectfully submitted,

                                            **POMERANTZ LLP**

                                            */s/ Emma Gilmore*
                                            Jeremy A. Lieberman
                                            Emma Gilmore
                                            Dolgora Dorzhieva
                                            Villi Shteyn

                                            600 Third Avenue, Floor 20
                                            New York, NY 10016
                                            Phone: 212-661-1100
                                            Fax: 917-463-1044
                                            jalieberman@pomlaw.com
                                            egilmore@pomlaw.com
                                            ddorzhieva@pomlaw.com
                                            vshteyn@pomlaw.com

                                            *Lead Counsel for Lead Plaintiff Yun Wang,*
                                            *Named Plaintiff Ali Karimi, and*
                                            *the Settlement Class*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs and for the
Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Emma Gilmore*
Emma Gilmore