

**Brian Calandra**
Partner

May 30, 2023

**VIA ECF**

The Honorable Jed S. Rakoff, U.S.D.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Karimi v. Deutsche Bank Aktiengesellschaft, et al.*, No. 1:22-cv-02854 (S.D.N.Y.)

Dear Judge Rakoff:

We are counsel to Lead Plaintiff Yun Wang ("Wang" or "Lead Plaintiff") and Named Plaintiff Ali Karimi ("Karimi" or "Named Plaintiff" and, with Wang, "Plaintiffs") in this securities fraud class action. We write to respectfully request a modification of the recently entered Order Authorizing Distribution of Net Settlement Fund (ECF No. 117 (the "Order")) to remove claims that the Court approved in the Order, but which the Claims Administrator subsequently determined are ineligible.[1] We have conferred with Defendants, who do not oppose the relief sought in this application. The parties contacted the Court's chambers on May 25, 2023, in accordance with Rule 2(b) of the Court's Individual Rules of Practice, and were directed to file this application as a letter motion. A proposed order is attached hereto as Exhibit 2.

As detailed in the accompanying Supplemental Declaration of Jack Ewashko Regarding Plaintiffs' Motion For Distribution of Class Action Settlement Funds ("Supplemental Ewashko Declaration") attached hereto as Exhibit 1, the Claims Administrator, as part of its preparation to distribute the Net Settlement Fund, reviewed the Claims that were submitted by potential Class Members and placed them into three categories: "Timely Submitted and Valid Proofs of Claim," "Late But Otherwise Eligible Proofs of Claim," and "Rejected Proofs of Claim." Decl. of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds. ECF No. 116 ¶¶35-37 ("Distribution Decl."). The Claims that fell into each of those categories were submitted to the Court in Exhibits E, F and G to the Distribution Declaration, respectively. The Order (at ¶ 2) authorized the distribution of the Net Settlement Fund to the Authorized Claimants, who were from the first two categories, and were listed on Exhibits E and F to the Distribution Declaration.

---

[1] All capitalized terms have the same meaning as in Plaintiffs' Motion for Distribution of Class Action Settlement Funds and the attachments thereto (ECF Nos. 113-15), unless otherwise noted.

Following the Order, the Claims Administrator received a revised filing from a third-party filer before it had proceeded with the distribution of the Net Settlement Fund ("Updated Claims"). During the review of the filing, the Claims Administrator determined that the Updated Claims, which initially had been accepted, were ineligible for the distribution. Based on the revised filing, the Claims Administrator rejected the Updated Claims in their entirety because the claims no longer calculated to a recognized loss. The Claims Administrator then contacted the claimant to communicate that, after a review of the revised filing, the Updated Claims were ineligible and gave the filer five (5) business days, or until May 26, 2023, to produce information demonstrating that the claims were, in fact, eligible. The filer did not respond. Accordingly, the Claims Administrator recommends that the Updated Claims, which initially were listed on Exhibit E to the Distribution Declaration and ordered as accepted by the Court, be found to be ineligible.

Plaintiffs and the Claims Administrator therefore respectfully request that the Court modify the Order to hold that the Updated Claims are ineligible. To accomplish this, it is only necessary to approve updated lists of the accepted and rejected claimants that were incorporated into the Order – everything else regarding the current Order can remain unaltered. Specifically, Exhibit A to the Supplemental Ewashko Declaration, Timely Submitted and Valid Proofs of Claim, strikes the newly rejected Updated Claims, and Exhibit C to the Supplemental Ewashko Declaration, Rejected Proofs of Claim, adds the Updated Claims.[2] Attached as Exhibit 2 to this letter-motion is a [Proposed] Amended Order Granting Motion For Distribution Of Class Action Settlement Funds, which amends the Order by replacing Exhibits E and G to the Distribution Declaration with Exhibits A and C to the Supplemental Ewashko Declaration and instructs the Claims Administrator to distribute the Net Settlement Fund in accordance with Exhibits A and C to the Supplemental Ewashko Declaration.

Counsel is available at the Court's convenience to address any questions concerning the relief requested in this letter-motion.

Respectfully Submitted,

**POMERANTZ LLP**

*/s/ Brian Calandra*
Brian Calandra

cc:   Counsel for all parties (via ECF)

---

[2] There are no changes to Exhibit B to the Supplemental Ewashko Declaration, Late But Otherwise Eligible Proofs of Claim. In other words, Exhibit B to the Supplemental Ewashko Declaration is identical to Exhibit F to the Distribution Declaration.