**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALI KARIMI, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, AND CHRISTIAN SEWING,<br><br>            Defendants. | Case No. 1:22-cv-02854-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
***CY PRES* DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Court-appointed Lead Plaintiff Yun Wang ("Wang" or "Lead Plaintiff") and Named Plaintiff Ali Karimi ("Karimi" or "Named Plaintiff" and, with Wang, "Plaintiffs"), individually and on behalf of all other members of the proposed Settlement Class,[1] respectfully submit this memorandum of law in support of their Motion for *Cy Pres* Distribution of Class Action Settlement Funds ("Motion") in the above-captioned Action. If entered by the Court, the [Proposed] Order Granting *Cy Pres* Distribution of Class Action Settlement Funds ("*Cy Pres* Distribution Order") will, among other things: (i) approve the distribution of the remaining Class Action Settlement Funds to a *cy pres* recipient, the Howard University Investor Justice and Education Clinic ("IJEC"); and (ii) close the case. The basis of the proposed plan for distribution of the Net Settlement Fund is set forth in the accompanying Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. Concerning the Remaining Funds for *Cy Pres* Distribution ("Ewashko Decl.").

## I.    BACKGROUND

On October 20, 2022, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 102). On February 6, 2023, the Court entered the Final Judgment and Order of Dismissal with Prejudice, approving the plan of allocation and settlement of this Action (Dkt. No. 110) (the "Judgment").

The Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), has advised Lead Counsel that it completed all feasible distribution to persons who responded to the Notice. Ewashko Decl. ¶¶4-6. All that remains to complete the Settlement process is to distribute residual funds in the Net Settlement Fund to a *cy pres* recipient. Thus, the Court should authorize the distribution Net Settlement Fund to IJEC.

---

[1] All capitalized terms that are not otherwise defined herein have the same meaning as set forth in the Stipulation and Agreement of Settlement dated September 23, 2022 (the "Stipulation") (ECF No. 101-1).

## II.    THE SETTLEMENT AGREEMENT, DISTRIBUTION, AND POST DISTRIBUTION ACCOUNTING

On May 3, 2023, the Court approved the proposed plan for distributing the Net Settlement Fund (the "Distribution Plan"), adopting A.B. Data's recommendation and directing A.B. Data to distribute 100% of the Net Settlement Fund to Authorized Claimants based on their *pro rata* share of the Net Settlement Fund, after deducting any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses. ECF No. 117 at ¶¶1-6. The Court further ordered that additional re-distributions, after deduction of costs and expenses, may occur until further redistribution is not cost-effective. *Id.* at ¶6.

On July 3, 2023, A.B. Data sent distribution payments to Eligible Settlement Class Members in the total amount of $17,500,700.94. Ewashko Decl. at ¶4. Subsequently, on October 4, 2024, A.B. Data sent distribution payments to Eligible Settlement Class Members who had cashed their first distribution check in the total amount of $47,492.18. *Id.* at ¶5. As of the time of this filing, the current balance of funds in the account totals $8,119.08, due to distributions that have not been cashed and became void 60 days after issuance. *Id*. at ¶6.

Now, Lead Plaintiffs seek the Court's approval to direct distribution of the remaining Settlement funds in the amount of $8,119.08 to IJEC, a program of Howard University, a 501(c)(3) charitable organization.

## III.    THE COURT SHOULD APPROVE A *CY PRES* DISTRIBUTION TO THE INVESTOR JUSTICE AND EDUCATION CLINIC

As set forth above and pursuant to the Distribution Order, A.B. Data carried out the initial distribution of the Net Settlement Fund to Class Members. Given the *de minimis* amount remaining in the fund, Plaintiffs and A.B. Data have determined that it is not cost-effective to administer a Second Distribution, and thus a *cy pres* distribution is appropriate. Plaintiffs respectfully request approval of a *cy pres* distribution of unclaimed settlement funds to IJEC.

**A.      Legal Standard**

Where there are "unclaimed funds" after "class members are given a full opportunity to make a claim" and it is "economically infeasible" to attempt additional distributions, district courts have discretion to approve distribution to a *cy pres* recipient.  *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007).  In such cases, the court may approve a *cy pres* recipient who will "'put[] the unclaimed fund to its *next best* compensation use, *e.g.*, for the aggregate, indirect, prospective benefit of the class.'" *Id.* (quoting 2 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 10:17 (4th ed. 2002)).

**B.      The IJEC is an Appropriate *Cy Pres* Recipient**

The Court should approve IJEC as an appropriate *cy pres* recipient of unclaimed settlement funds because its interests "reasonably approximate" the interests of the Settlement Class. *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016). The Settlement Class's interests in preventing future fraud against investors are furthered by IJEC's mission to provide low-cost services to defrauded investors, educate investors on their rights, and train future securities attorneys.  Therefore, approval of IJEC as a *cy pres* recipient will meet the aggregate, indirect, and prospective benefits of the Settlement Class.

The interests of the Settlement Class are to prevent future securities fraud.  Plaintiffs and members of the class purchased Deutsche Bank's securities at allegedly artificially inflated prices and alleged that they were damaged upon the revelation of Defendants' false and misleading statements. *Id.*  The complaint alleged that Defendants violated the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78a, et seq.  ECF No. 89 at ¶¶219-42.  The purpose of the Exchange Act is to protect investors, like those in the Settlement Class, by prohibiting manipulative stock market practices and securities fraud. *See, e.g., Chadbourne & Parke LLP v.*

3

*Troice*, 571 U.S. 377, 378, 134 S. Ct. 1058, 1060, 188 L. Ed. 2d 88 (2014) ("The basic purpose of the [Securities Exchange Act] is to insure honest securities markets and thereby promote investor confidence.") (internal quotation omitted). Thus, the Settlement Class, who may in the future continue to invest in securities, has an interest in low-cost resources to educate about and litigate against securities fraud, as well as the training of future securities law attorneys.

These interests are served by IJEC. IJEC is a program of a 501(c)(3) not-for-profit, Howard University School of Law, that represents underserved and indigent investors and develops the next generation of securities law attorneys. *The Clinical Law Center*, Howard University School of Law, https://law.howard.edu/academics/clinical-law-center (last visited December 18, 2024). IJEC opened in Fall 2010 when Howard University Law School received a selective grant from the FINRA Investor Education Foundation to fund the development of an investor protection and education clinical law program. *Id.*. IJEC provides instruction and practical experience in securities law and arbitration and mediation, through representing actual investor cases accepted by the clinic. *Id*. Participants also work to design and implement at least one investor outreach and outreach program for under-served investors each semester. *Id.* The *cy pres* funds distributed to IJEC would be used to advance its own programs and contribute to its efforts in representing underserved investors, as well as developing the future securities law bar. The funds will indirectly benefit class members by ensuring the availability of low-cost securities law legal services and education. These interests "reasonably approximate" the interest of the Settlement Class to prevent future securities fraud.

For these reasons, IJEC has been approved as a *cy pres* recipient in the past in the Southern District of New York and other district courts. *See*, *e.g.*, Order Granting Distribution of Class Action Settlement Funds, *Puddu v. NYGG (ASIA), Ltd.*, No. 1:15-cv-08061 (S.D.N.Y. Oct 11,

2024), ECF No. 412; *Viti v. Shattuck Labs, Inc.*, No. 1:22-cv-00560 (E.D.N.Y.), ECF Nos. 56, 58; *Mikhlin v. Oasmia Pharmaceutical AB*, No. 1:19-cv-04349 (E.D.N.Y. Mar. 22, 2022), ECF No. 50; Order to Distribute the Funds Remaining in the Net Federal Settlement Fund to *Cy Pres* Recipient, *Ortiz v. Canopy Growth Corp.,*  No. 2:19-cv-20543 (D.N.J. Sep. 24, 2024), ECF No. 105; Letter Order, *Li v. Aeterna Zentaris, Inc.*, No. 3:14-CV-07081 (D.N.J. Jan. 2, 2024), ECF No. 199; Order for Distribution of Class Settlement Funds, *P. Van Hove BVBA v. Universal Travel Group, Inc.*, No. 2:11-cv-02164 (D.N.J. Jan. 26, 2018), ECF No. 230; Order Granting Plaintiffs' Motion for Distribution of the Net Settlement Fund on Modified Terms, *Howard v. Arconic Inc.*, No. 2:17-cv-01057 (W.D. Pa. December 19, 2024), ECF No. 268.

Accordingly, IJEC is an appropriate *cy pres* recipient and Plaintiffs' motion should be granted.

## IV.    CONCLUSION

Based on the foregoing, the Court should approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: January 10, 2025                         Respectfully submitted,

                                                **POMERANTZ LLP**

                                                */s/ Brian Calandra*
                                                Jeremy A. Lieberman
                                                Brian Calandra

                                                600 Third Avenue, Floor 20
                                                New York, NY 10016
                                                Phone: 212-661-1100
                                                Fax: 917-463-1044
                                                jalieberman@pomlaw.com
                                                bcalandra@pomlaw.com

                                                *Lead Counsel for Lead Plaintiff Yun Wang,*
                                                *Named Plaintiff Ali Karimi, and*
                                                *the Settlement Class*

5

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs and for the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Brian Calandra*
Brian Calandra
